UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Chantel Headspeth and Kaylee McBride,** on behalf of themselves and others similarly situated, | ) ) ) ) | CASE NO. 2:19-cv-2062 |
| | ) | JUDGE |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE |
| v. | ) ) ) | **PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **TPUSA, Inc. dba Teleperformance USA,** c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, Ohio 43219 | ) ) ) ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Now come Named Plaintiffs Chantel Headspeth ("Headspeth" or "Named Plaintiff Headspeth") and Kaylee McBride ("McBride" or "Named Plaintiff McBride") (collectively, "Named Plaintiffs", "Class Plaintiffs", or "Plaintiffs"), by and through counsel, and for their Complaint against Defendant TPUSA, Inc. dba Teleperformance USA ("Defendant" or "TPUSA"), state and allege the following:

1. This is a "collective action" instituted by Named Plaintiffs as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. This action also seeks relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to O.R.C. 4111.01,

4111.03, 4111.08, 4111.10 and the OPPA are brought as a class action pursuant to Rule 23.

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and maintains an office within this District and Division.

4. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Franklin County, Ohio. Plaintiffs' Consent to Join Forms have been filed with this Court.

5. At all times relevant herein, Plaintiffs were employees of Defendant within the meaning of 29 U.S.C. § 203(e), the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

6. At all times relevant herein, Defendant was a foreign for-profit corporation, organized and existing under the laws of the State of Delaware, but doing and conducting business throughout various states in the United States, including Ohio within this District and Division, and Defendant maintains an office within this District and Division.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d), the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or

in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiffs were each an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by Named Plaintiffs and other individual plaintiffs, have been and will be filed pursuant to 29 U.S.C. § 216(b). *See* **Exhibit A**.

## FACTUAL ALLEGATIONS

12. Defendant TPUSA, Inc., which operates and does business as Teleperformance USA, provides call center services to its company customers in a variety of industries.

13. Defendant operates call centers in Ohio and elsewhere throughout the United States.

14. At all times material to this Complaint, Named Plaintiffs worked as support associates for Defendant in Columbus, Ohio.

15. Other similarly situated employees were employed by Defendant as support associates, customer service representatives, and/or other call center positions at Defendant's Ohio call centers.

16. Plaintiffs and other similarly situated employees were classified by Defendant as non-exempt employees.

17. Plaintiffs and other similarly situated employees routinely worked forty (40) or more hours per workweek.

18. Plaintiffs and other similarly situated employees were paid on an hourly basis.

19. As support associates, Plaintiffs' job duties included receiving technical support phone calls and providing technical support and troubleshooting services.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, Time Tracking System, and Phone System)**

20.     Plaintiffs and other similarly-situated employees were required by Defendant to perform unpaid work that was integral and indispensable to their duties before clocking in each day, including, but not limited to, locating an available computer each day, starting, booting up, and logging into Defendant's computer systems, time tracking system, numerous software applications, "ilog" phone systems and tools/websites used each day, ensuring available computers are functioning properly and/or resolving issues with computers that are not functioning properly.

21.     By common policy and practice, Plaintiffs and other similarly-situated employees were required to have their computers booted up and have several applications running, including Defendant's time tracking system, before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled shift start times.

22.     Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

23.     Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted part of their fixed and regular working time.

24.     Plaintiffs estimate that they spent approximately 5-10 minutes locating an available computer and workstation before the start of each shift as they did not have designated computers for use each day.

25.     Plaintiffs estimate that they spent at least an additional 3-10 minutes booting up, starting and logging into Defendant's computer systems, time tracking system, numerous software applications, "ilog" phone systems and tools/websites used each day, if the computer and systems used were functioning properly.

26.     Frequently, however, Plaintiffs and other similarly-situated employees experienced

difficulties with their computer and/or various systems. In those instances, Plaintiffs estimate that they spent between 30 and 45 minutes resolving any technical difficulties with their computers before they could clock in to Defendant's time tracking system and begin taking customer calls.

27. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendant.

28. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in each day upon arrival at Defendant's call centers and before they began searching for an available workstation and then booting up Defendant's computer systems, time tracking systems, applications, and phone systems.

29. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees. They cannot perform their work without first locating an available computer/workstation each day, booting up Defendant's computer systems, time tracking systems, applications, and phone systems, and resolving any problems with such systems when necessary.

31. Defendant knowingly and willfully failed to pay Plaintiffs and other similarly-situated employees for time spent locating an available and functional computer, resolving problems with non-functioning computers, starting and logging into Defendant's computer systems, time tracking system, numerous software applications, "ilog" phone systems and tools/websites used each day, during which they performed work that managers and/or other agents

5

and/or representatives observed.

### (Failure to Pay Overtime Compensation)

32. As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

34. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees before clocking in each day.

35. The amount of time Plaintiffs and other similarly-situated employees spent on their required and unpaid work before clocking ranged from approximately 10 – 20 minutes when Defendant's computer systems were working properly, and longer when Defendant's computer systems were slow or not working as detailed above.

### **COLLECTIVE ACTION AND CLASS ALLEGATIONS**

36. Plaintiffs bring Count One of the action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

37. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All former and current Ohio technical support associates, and those working in other Ohio call center positions, employed by Defendant between May 20, 2016 and continuing through the date of judgment. (the "§216(b) Class").

38. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of more than five hundred individuals.

39. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former Ohio employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

40. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

41. The Class Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All former and current Ohio technical support associates, and those working in other Ohio call center positions, employed by Defendant between May 20, 2016 and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

42. The Rule 23 Class includes all technical support associates and those working in other call center positions employed by Defendant who worked in the State of Ohio during the relevant time period above.

43. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

7

44. The Class Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

45. The Class Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

46. The Class Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

47. The Class Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

48. Questions of law and fact are common to the Rule 23 Class.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

52. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations

8

of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the named Class Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

53. A class action is superior to individual actions for the fair and efficient adjudication of Class Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Class Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
## **29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME**

54. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

56. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

57. Defendant's failure to keep records of all of the hours worked each workday and

9

the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

59. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under Ohio law.

62. The Class Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

63. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. While employed by Defendant, the Class Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

65. As a result of Defendant's company-wide corporate policies, it failed to pay Plaintiffs and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

66. Class Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio law.

67. Defendant's repeated, knowing and joint failure to pay overtime wages to the Class Plaintiffs were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Class Plaintiffs and the Rule 23 Class Members are entitled.

68. For Defendant's violations of R.C. §4111.03, the Class Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. The Class Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## COUNT THREE
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. The Class Plaintiffs and the Rule 23 Class Members have been employed by Defendant.

71. During relevant times, Defendant was an entity covered by the OPPA and the Class Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

72. The OPPA requires that the Defendant pay Class Plaintiffs and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. During relevant times, Class Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74. The Class Plaintiffs and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

78. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

79. Class Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

80. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Class Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Class Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

81. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Class Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Class Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Class Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Class Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Class Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of Ohio Law;

J. Granting the Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

## JURY DEMAND

Plaintiffs hereby demand a jury trial of twelve (12) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman