UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Chantel Headspeth and Kalyee McBride,**
**on behalf of themselves & those similarly**
**situated,**

    Plaintiffs,                                  Case No. 2:19-cv-2062
                                                      JUDGE SARAH D. MORRISON
       v.                                       Magistrate Judge Vascura

**TPUSA, Inc. dba Teleperformance USA,**

    Defendant.

## OPINION & ORDER

Plaintiffs Chantel Headspeth and Kalyee McBride allege Defendant TPUSA, Inc. dba Teleperformance USA ("Teleperformance") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § § 201-219, and related Ohio statutes by not paying employees like themselves overtime for time spent starting and logging into relevant computer systems. Teleperformance denies all claims.

Plaintiffs filed their Motion for Conditional Certification under § 216(b) of the FLSA on September 16, 2019. Magistrate Judge Vascura conducted a Fed. R. Civ. P. 16 conference on September 25, 2019. Her related order (ECF No. 17) pertinently provides:

> Defense counsel requested the opportunity to depose those individuals who have submitted declarations in support of Plaintiffs' Motion for Conditional Certification. The Court denied Defendant's request, explaining that at the conditional certification phase, the court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. Defense counsel nevertheless requested the opportunity to file a motion for discovery to brief the issue of whether these depositions should proceed prior to Defendant's deadline for filing an opposition brief.

> Plaintiffs' counsel did not object to Defendant's request for an opportunity to brief the issue, conditional upon Defendant entering into a tolling agreement in view of the fact that the statute of limitations continues to run until written consent i[s] filed with the Court. Accordingly, if Defendant enters into the agreed-upon tolling agreement, briefing on Plaintiffs' Motion for Conditional Certification is STAYED pending resolution of Defendant's forthcoming motion for discovery, which is due ON OR BEFORE OCTOBER 2, 2019. Plaintiffs' memorandum in opposition to the forthcoming motion is due ON OR BEFORE OCTOBER 7, 2019. There will be no replies. The parties must limit their briefs to five pages. In the ruling on the forthcoming motion for discovery, the Court will establish a new deadline for Defendant to file its opposition to Plaintiffs' Motion for Conditional Certification.

The parties apparently entered into a tolling agreement because Teleperformance filed its Motion for Limited, Pre-Conditional Certification Discovery and for Enlargement of Time to Respond to Plaintiffs' Pre-Discovery Motion for Conditional Certification by the deadline. (ECF No. 18.) Plaintiffs' opposition (ECF No. 23), Teleperformance's supplement (ECF No. 24), and Plaintiffs' Response (ECF No. 25) followed. The Court now addresses the Motion for Discovery.

Teleperformance seeks permission to depose the six individuals who submitted their declarations in support of Plaintiffs' Motion for Conditional Certification. Teleperformance asserts such discovery is necessary "to determine the extent of the declarants' personal knowledge and whether Plaintiffs are similarly situated to the class they seek to conditionally certify" because of the declarants' "limited tenure" at Teleperformance's facilities. (ECF No. 18 at 4.) Teleperformance alleges the discovery it seeks is far less expansive than that permitted under the "modest plus" standard applied to conditional certification queries in which discovery has already transpired. *Id*. 2-3. Teleperformance also conditionally moves the Court for an extension of time of thirty days after its proposed discovery is completed to file its opposition to Plaintiffs' Motion for Conditional Certification. *Id*. 5.

Plaintiffs oppose the motion. They note that the practice in this district is to adhere to the "fairly lenient" standard when considering motions for conditional certification. *See* ECF No. 23 at 4 (citing cases.) Plaintiffs contend that granting the Motion for Discovery would inequitably increase that burden to a "modest plus" standard for their Motion for Conditional Certification despite the fact that plaintiffs are in charge of their case strategy. They further comment that granting the Motion for Discovery would not automatically allow them reciprocal discovery, thereby placing them at a further disadvantage. (ECF No. 23 at 4.)

In the context of a § 216(b) motion for conditional certification, "[t]he lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff." *Casarez v. Producers Serv. Corp.*, No. 2:17-CV-1086, 2018 WL 2389721, at *2 (S.D. Ohio May 25, 2018). The Court determines whether a plaintiff sustains her burden to establish that she is similarly situated to the putative collective action members by utilizing a two-phase analysis. *Id*.

The first phase, the conditional-certification phase, is conducted at the beginning of the discovery process. At that point, "the plaintiffs need only make a modest factual showing that they are similarly situated to proposed class members." *Myers v. Marietta Memorial Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (internal quotations omitted). In keeping with the FLSA's remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Myers,* 201 F. Supp. 3d at 890 (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). Importantly, at this initial stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). Instead, the Court

ponders "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (internal quotations omitted).

The final certification stage is the second phase. It is conducted after discovery concludes. *Cowan v. Nationwide Mut. Ins. Co*., No. 2:19-cv-1225, 2019 U.S. Dist. LEXIS 164312, at *16 (S.D. Ohio Sep. 25, 2019). When addressing this portion of the analysis, the Court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. This is so because the Court has much more information at this point upon which to base its decision of whether the proposed plaintiffs are similarly situated. *Id*. Consequently, a much "stricter standard" is employed during the final certification stage. *Id*.

Essentially, Teleperformance seeks discovery to attack the credibility of the declarants. But as *Waggnor* and *Swigart* establish, the conditional certification phase deals not in credibility. Rather, credibility concerns are an issue for the second phase. And while both parties discuss the implementation of the "modest plus" standard on the Motion for Conditional Certification as if it would automatically result in the requested discovery being granted, they are mistaken. This Court has previously noted:

> It is true that courts in this circuit have in some instances held a plaintiff to a slightly higher standard of proof at the conditional certification stage, "sometimes referred to as a "modest 'plus' factual showing." *Jungkunz v. Schaeffer Inv. Research, Inc*., 1:11-CV-00691, 2014 U.S. Dist. LEXIS 43490, 2014 WL 1302553, at *6-7 (S.D. Ohio Mar. 31, 2014) (citing *Creely v. HCR ManorCare, Inc*., 789 F.Supp.2d 819, 823-24 (N.D. Ohio 2011) (discussing cases)). Yet, this standard does not apply simply because the parties engaged in some discovery. Rather, the modest plus factual showing standard is considered only in cases where the parties

> conduct "*discovery regarding the class certification question prior to the plaintiff moving for conditional certification.*" 2014 U.S. Dist. LEXIS 43490, [WL] at *7 (citing *Creely*, 789 F.Supp.2d at 827) (emphasis added).

*Casarez*, 2018 U.S. Dist. LEXIS 88370, at *17-18. Here, Teleperformance moved for discovery only *after* Plaintiffs filed their Motion for Certification; thus, consistent with *Casarez*, the "modest plus" standard is not, and would not, be in play.

For the foregoing reasons, the Court **DENIES** Teleperformance's Motion for Limited, Pre-Conditional Certification Discovery and for Enlargement of Time to Respond to Plaintiffs' Pre-Discovery Motion for Conditional Certification (ECF No. 18) in its entirety. Teleperformance's Opposition to Plaintiffs' Motion for Conditional Certification shall be filed within ten days of this Opinion & Order.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**