UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Chantel Headspeth and Kalyee McBride,** on behalf of themselves & those similarly situated, | : : : | |
| Plaintiffs, | : | Case No. 2:19-cv-2062 |
| | | **JUDGE SARAH D. MORRISON** |
| v. | : | Magistrate Judge Vascura |
| **TPUSA, Inc. dba Teleperformance USA,** | : | |
| Defendant. | : | |

## OPINION & ORDER

Plaintiffs Chantel Headspeth and Kalyee McBride move to lift the stay (ECF No. 59) in this Fair Labor Standards Act ("FLSA") case lodged under 29 U.S.C. §§ 201 *et seq.* and also seek a decision on their fully briefed Motion for Conditional Certification and Court-Authorized Notice (ECF No. 14). Pursuant to the following analysis, the Court **GRANTS** the Motion to Lift Stay (ECF No. 59) and **GRANTS** the Motion for Conditional Certification (ECF No. 14).

I.     BACKGROUND

Defendant TPUSA, Inc. d/b/a Teleperformance USA provides call center services throughout the United States to its customers in a variety of industries. (ECF No. 1 at ¶ 12.) Plaintiffs worked for Defendant as support associates in non-exempt positions in Columbus, Ohio. *Id*. at ¶ 14. Their job entailed "receiving technical support phone calls and providing technical support and troubleshooting services." *Id*. at ¶ 19. Defendant employed other similarly situated employees as "support associates, customer service representatives, and/or other call center positions" at its Ohio call centers. *Id*. at ¶ 15.

1

Plaintiffs assert Defendant knowingly and willfully failed to pay them for their time spent locating and logging into a computer workstation each day such that Defendant did not pay Plaintiffs overtime in violation of § § 201-219 of the FLSA and related Ohio state statutes. *Id*. at ¶ ¶ 1, 20, 31. While Plaintiffs' Complaint presents a hybrid collective and class action[1], they presently move only for collective FLSA certification under § 216(b) for the following potential collective class: "All former and current Ohio technical support associates, and those working in other Ohio call center positions, employed by Defendant who worked 40 hours in any workweek at any time beginning three years prior to the filing of this Motion to the present." (ECF No. 14 at 3.)

Headspeth and McBride attached their consents to join to the Complaint. (ECF No. 1 at Ex. A.) Others followed. Specifically, Gerald Powell, William Hamblin, Mendy Walters, Lisa Bobo, Lekeshia Reed, Todd King, Champale Hobbs, Ernestine Williams, Keana Applewhite, Natalie Oskowski, Jacqualia Strawder, Jacqueline Lovett and LaPaaris Mallory each filed their consent to join the suit. (ECF Nos. 4, 5, 13, 19, 28, 33, 53-56.)

Defendant's Answer is a general denial containing several affirmative defenses. (ECF No. 9.)

Defendant initially responded to Plaintiffs' instant Motion for Conditional Certification by filing a Motion for Limited, Pre-Conditional Certification Discovery (ECF No. 18). The Court denied the Motion for Discovery on October 9, 2019 (ECF No. 26). Defendant then filed its Motion to Stay (ECF No. 31) and its Opposition (ECF No. 32) to Plaintiffs' Motion for Conditional Certification (ECF No. 14). Defendant argued that the case should be stayed because

---

[1] Plaintiffs also seek class action designation for their parallel state claims under Fed. R. Civ. P. 23 for the same class. (ECF No. 1 ¶ 41.)

the United States District Court for the District of Utah was considering a Joint Motion for Certification and Approval of Collective Action Settlement in *Jacqueline Cazeau, et al., v. TPUSA, Inc. dba Teleperformance USA* ("*Cazeau*"), case number 2:16-cv-321. Defendant argued that approval of the proposed settlement would result in waiver of the claims being asserted in this case. The Court conducted an oral argument on the Motion to Stay and the Motion for Conditional Certification on December 19, 2019 and issued an order staying the case on January 13, 2020 pending resolution of settlement proceedings in *Cazeau*. (ECF No. 52.)

The *Cazeau* court issued its decision on July 2, 2020 and caused Plaintiffs' Motion to Lift Stay as well as Plaintiffs' request that the Court rule on their Motion for Conditional Certification. The Court now examines the issues presented within the highlighted filings.

## II. ANALYSIS

### A. Motion to Lift Stay

As noted, the Court previously stayed this case pending resolution of the *Cazeau* motion to approve settlement because approval would prove dispositive of this case. (ECF No. 52.) The *Cazeau* court declined to affirm the agreement on July 2, 2020. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Lift Stay (ECF No. 59) and **ORDERS** that the stay of this case be immediately lifted.

### B. Motion for Conditional Certification

Pertinently, Plaintiffs' Complaint alleges that the Defendant's failure to pay employees for time spent locating and logging into computers resulted in unpaid overtime wages in violation of the FLSA. The FLSA mandates employers to pay their employees "'at a rate not less than one and one-half times the regular rate' for work exceeding forty hours per week." *Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 889 (S.D. Ohio 2016) (quoting 29 U.S.C. §

207(a)(1)). "'Congress passed the FLSA with broad remedial intent' to address 'unfair method[s] of competition in commerce' that cause 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (citation omitted) (quoting *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015)). To further that goal, § 216(b) provides:

> Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

The lead plaintiff maintains the burden of showing that the proposed class members are similarly situated to the lead plaintiff. *Casarez v. Producers Serv. Corp.*, S.D. Ohio No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *4 (May 25, 2018).

The Court determines whether the Plaintiffs sustain their burden to establish that they are similarly situated to the putative collective action members by utilizing a two-step analysis. *Myers*, 201 F. Supp. 3d at 890. The first phase, the conditional-certification phase, is conducted at the beginning of the discovery process. At that point, "the plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.*, quoting *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).  In keeping with the FLSA's remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Myers*, 201 F. Supp. 3d at 890 (quoting *Comer*, 454 F.3d at 547 (internal citations omitted)).

4

Interestingly, neither the FLSA nor the Sixth Circuit define "similarly situated" in this context. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). But case law directs that plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id*. at 584. Instead, a plaintiff "need only show that h[er] position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (alteration omitted); *see also Comer*, 454 F.3d at 546-547.

At this stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). Instead, the Court ponders "'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted.'" *Smyers v. Ohio Mulch Supply, Inc*., S.D. Ohio No. 2:17-cv-1110, 2019 U.S. Dist. LEXIS 1815, at *5 (Jan. 4, 2019) (quoting *Castillo v. Morales, Inc*., 302 F.R.D. 480, 486 (S.D. Ohio 2014)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Business Servs. Corp*., S.D. Ohio No. 2:14-cv-27, 2015 U.S. Dist. LEXIS 148191, at *4 (Nov. 2, 2015).

The final certification stage is the second phase. It is conducted after discovery concludes.  When addressing this portion of the analysis, the Court "examine[s] more closely the

5

question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. This is so because the Court has much more information at this point upon which to base its decision of whether the proposed plaintiffs are similarly situated. *Smyers,* 2019 U.S. Dist. LEXIS 1815, at *3-5. Consequently, a much "stricter standard" is employed during the final certification stage. *Comer*, 454 F.3d at 547.

### 1. Similarly Situated

When resolving the question as to whether Plaintiffs are similarly situated to the prospective class members, the Court considers factors such as whether potential plaintiffs are identified, whether potential plaintiffs submitted affidavits, and whether there is evidence of a widespread plan or a single, FLSA-violating policy. *Castillo,* 302 F.R.D. at 486; *see also Ford v. Carnegie Mgt. Servs*., S.D. Ohio No. 2:16-cv-18, 2016 U.S. Dist. LEXIS 62276, at *5 (May 11, 2016) (citation omitted).

Plaintiffs' Complaint claims at least five hundred people are similarly situated. (ECF No. 1 at ¶ 38.) To buttress that allegation, as well as their requested relief, Plaintiffs proffer identical declarations ("Declarations") from McBride, Hamblin[2], Powell, Headspeth, Walters and Bob. (ECF Nos. 14, 16, 20.) Therein, each declarant avers that they are former technical support representatives for Defendant who frequently worked in excess of forty hours per week. They state that Defendant required them to be completely logged into their computer and be ready to take the first call at the start of their shift. They say that it took them approximately five to ten minutes to locate an available and working computer each morning, and that it took them an additional five minutes to log in. They aver that Defendant did not pay them for the pre-shift

---

[2] Hamblin worked for Defendant as a technical support representative and as a supervisor at Defendant's Fairborn, Ohio location. (ECF No. 14-2.)

preparatory work, which resulted in Defendant not paying Plaintiffs overtime. They state they personally saw other technical support workers engaging in the shame pre-shift computer search.

Plaintiffs assert that the Declarations establish the identity of potential plaintiffs and show that they are similarly situated to the putative class. Plaintiffs further contend that the Declarations establish that Defendant had a uniform policy of failing to count pre-shift preparatory work towards an employee's total hours worked. They urge the Court to hold that their production on this score is sufficient to sustain their relatively low burden at this juncture, noting other cases have granted conditional collective certification with far fewer affidavits.

Defendant responds that the quantity of declarations provided should play no role in the Court's similarly situated analysis, especially where, as here, the Declarations are essentially lawyer-drafted boilerplate. Defendant also offers two declarations of its own from Michael George, the Director of Operations at Defendant's Columbus, Ohio site, and from James Bachman, who used to be the Director of Operations at Defendant's Fairborn, Ohio site. (ECF No. 32.) Those declarations are themselves identical. Therein, in an apparent attempt to create credibility questions as to Plaintiffs' Declarations, George and Bachman state that Defendant's employees only had access to the floor on which they worked, such that employees would have no knowledge of events transpiring on other floors. *Id*. Both arguments fall flat.

The "uniformity that [Defendant] derides" can and will be taken as "a substantial indicator in favor of the plaintiffs being similarly situated." *Mathews v. ALC Ptnr., Inc.*, E.D. Mich. No. 2:08-CV-10636, 2009 U.S. Dist. LEXIS 75097, at *12-13 (Aug. 24, 2009). Indeed, "[t]here is no rule that requires plaintiffs to compose affidavits in their own words, without the assistance of counsel. In that light, the fact that many plaintiffs can agree on a single formulation as accurately describing their job duties is a strong indicator that certification is appropriate." *Id.*

Moreover, as noted above, the Court at this point "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765.

In sum, Plaintiffs' declarants aver that they were all technical support representatives for Defendant who suffered from Defendant's company-wide practice of not paying employees for pre-shift preparatory work. This is sufficient to show that Plaintiffs' positions are similar to the putative class members' positions. *See Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (commenting a plaintiff's burden at conditional certification stage is to show similar, not identical position to those of potential class members) (citation omitted). Accordingly, pursuant to the FLSA's remedial purpose, the Court finds that the declarations at this "fairly lenient stage" sufficiently show that Plaintiffs are similarly situated to the other putative collective action members. Plaintiffs' Motion for Conditional Certification is **GRANTED** on the certification issue. (ECF No. 14.)

Having reached that result, the Court must address Defendant's request that the conditionally certified class exclude potentially similarly situated employees working at Defendant's Westerville, Ohio location. (ECF No. 32 at 18-20.) Defendant argues that such exclusion is necessary because Plaintiffs' failure to provide a declaration from a Westerville employee prevents the Court from finding that the conduct in focus occurred at that location as well. *Id*. Plaintiffs counter that while they did not provide declarations, both Ms. Applewhite and Ms. Williams worked at the Westerville location and joined the suit. (ECF No. 53, 54.) Regardless, Plaintiffs continue that the FLSA's remedial nature would be stifled by a requirement that workers seeking collective certification must proffer declarations from employees at every single one of the employer's locations. (ECF No. 35 at 21.)

The Court concurs with Plaintiffs' response. In addition, this Court previously granted conditional certification on a nationwide basis in a FLSA matter in which the workers supplied affidavits from workers in just four states. *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 U.S. Dist. LEXIS 164312, at *24 (S.D. Ohio Sep. 25, 2019). Here, Plaintiffs present the Court with affidavits from two of defendant's three Ohio locations. This is adequate proof of a company-wide practice at this point in the case. "[I]f Plaintiffs provide sufficient evidence of a company-wide practice through declarations of present and former employees at other locations, then the court is justified in sending notice to similarly situated employees at all locations in issue in the litigation." *Id.* at *25 (citation and quotations omitted). As a result, the Court declines to limit the class to the Columbus and Fairborn locations.

### 2. Notice

Having determined that conditional certification is warranted, the Court now turns to the form and manner of the Notice. At the outset, the Court comments that conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Rather, it "simply allows the sending of court-approved written notice to employees who must then affirmatively opt in to the litigation." *Taylor v. Pilot Corp.*, 697 F.App'x 854, 860 (6th Cir. 2017) (citation omitted). As such, "[o]nce a court determines that plaintiffs have met their burden for initial class certification, the court may grant court-authorized notice informing potential plaintiffs of their opportunity to opt into the lawsuit." *Kucker v. Petco Animal Supplies Stores, Inc.*, S.D.N.Y. No. 14cv9983 (DF), 2016 U.S. Dist. LEXIS 6416, at *26-27 (Jan. 19, 2016) (citation omitted). "[C]ourt-supervised notice is the preferred method for managing the notification process for several reasons: it avoids 'multiplicity of duplicative suits;' it allows the

9

court to set deadlines to advance the disposition of an action; it furthers the 'wisdom and necessity for early judicial intervention' in multi-party actions; and it protects plaintiffs' claims from expiring under the statute of limitations." *Lynch v. United Servs. Auto. Assn.*, 491 F.Supp.2d 357, 367 (S.D.N.Y. 2007) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72 (1989)).

The Court agrees with Defendant that Plaintiffs' Motion for Collective Certification creates confusion as to notice. (ECF No. 40 at 15, n. 10.) Specifically, the motion asks the Court to order the parties to confer and file a joint proposed notice and consent to join form to the Court within fourteen days of any order granting conditional certification. (ECF No. 14 at 2.) Yet, Plaintiffs attach a proposed notice and consent to their motion and assert in their reply in support that Defendant has waived any objection to those proposals by not stating its grounds of disapproval of Plaintiffs' suggestion in Defendant's Opposition to Plaintiffs' Motion for Conditional Certification. (ECF No. 14-4; ECF No. 35 at 24.) Defendant confirms its confusion on this topic. (ECF No. 40 at 15, n. 10.)

To rectify the confusion, the Court **ORDERS** the parties to confer and submit to the Court a joint proposed notice and consent to join form within fourteen days of this Opinion and Order. Any outstanding objections and the grounds therefore, as well as alternative proposed language, shall be clearly stated within those documents.

### III. CONCLUSION

Defendant's Motion to Lift Stay is **GRANTED**. (ECF No. 59.)

Plaintiffs' Motion for Conditional Certification is **GRANTED**. (ECF No. 14.) The parties shall jointly file a proposed notice and consent form, with any outstanding objections thereto and

10

the basis for same clearly marked, along with alternative proposed language, within ten days of this Opinion and Order.

    **IT IS SO ORDERED**.

                                              /s/ Sarah D. Morrison
                                              **SARAH D. MORRISON**
                                              **UNITED STATES DISTRICT JUDGE**