# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Chantel Headspeth and Kaylee McBride, | )<br>)<br>) Case No. 2:19-cv-2062 |
| on behalf of themselves and others similarly situated, | )<br>)<br>) Judge Sarah D. Morrison |
| Plaintiffs, | )<br>) Magistrate Judge Chelsey M. Vascura |
| v. | )<br>) |
| TPUSA, Inc. d/b/a Teleperformance USA, | )<br>)<br>) |
| Defendant. | |

### ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE PAYMENTS, ATTORNEY'S FEES, LITIGATION COSTS, AND CLAIMS ADMINISTRATOR FEES

Named Plaintiffs Chantel Headspeth and Kaylee McBride brought the above-captioned action against Defendant, TPUSA, Inc. d/b/a Teleperformance USA ("Defendant" or "TPUSA"), for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1).

Named Plaintiffs allege that Defendant violated the FLSA by failing to pay hourly non-exempt technical support associates and those working in similar positions in TPUSA's Ohio call centers for all hours worked in excess of 40 in a workweek in violation of the FLSA. *Id*. Defendant denies these allegations and asserts that it properly paid its hourly non-exempt employees, including Named Plaintiffs, for all hours worked.

This matter was conditionally certified as a collective action and a total of 1,070 current and former employees joined the action, including Named Plaintiffs (collectively "Plaintiffs"). The Parties participated in mediation; they have settled Plaintiffs' collective claims and now move for approval of their settlement agreement. (ECF No. 127.) Plaintiffs also move for approval of service payments, attorney's fees, litigation costs, and claims administrator fees. (ECF No. 128.)

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (Black, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (applying the same factors to an FLSA settlement).

Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in

settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties.

There was a bona fide dispute in this case as the Parties dispute whether Defendant paid Plaintiffs for all hours worked in excess of 40 in a workweek. There is no indication that the settlement was reached by anything other than arms' length negotiations between the Parties, with the assistance of a mediator. The settlement will avoid further expensive litigation for both sides, including additional formal discovery and resolution of discovery disputes, dispositive motions, trial, and possible appeals. The Parties engaged in formal discovery, including the depositions of both Named Plaintiffs; and Plaintiffs' counsel was able to assess Defendant's payroll and timekeeping information to perform a damages analysis.

Although Defendant disputes both the existence and amount of unpaid overtime, the Parties represent that, according to Plaintiffs' damages model,

3

individual settlement payments reflect approximately 15 minutes of unpaid work every day for every Plaintiff for workweeks where at least 40 hours were worked by the Plaintiffs. Counsel represented at the Court's August 18, 2022 status conference that this equates to an approximate 75% recovery of Plaintiffs' estimated damages. The exact amount of individual payments will be calculated on an individual basis depending on how many 40-hour workweeks each Plaintiff worked. Plaintiffs who did not record 40 hours in any week during the look back period will receive a minimum payment of $10. Named Plaintiffs will each receive a $7,500 service award in addition to their individual payments. The Court finds that both the individual payments and the service award payments are reasonable. *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

      Plaintiffs also seek approval of $215,860 in attorney's fees. The Court finds Plaintiffs' counsel, Coffman Legal, LLC and Contreras Law, LLC are qualified and have sufficient experience in federal wage-and-hour litigation. The result obtained by Plaintiffs' counsel for the Plaintiffs is fair and reasonable and they agreed to accept approximately $85,000 less in fees than they allegedly incurred prosecuting this case as part of the Parties' settlement. While the Court awards Plaintiffs' counsel $215,860 in fees, it does so by keeping Attorney Contreras' hours and rates the same but reducing the hours of Trial Attorney Matthew Coffman to 127.03 and

4

fees to $355 an hour. The reductions are necessary as a result of the unprofessional conduct Plaintiffs' counsel exhibited in the Motion to Stay filings and the poor and incomplete briefing Plaintiffs' counsel provided the Court regarding the Motion to Approve Settlement. *See* ECF No. 49, PageID 1186-87. The latter required the Court to hold an in-person status conference to obtain basic settlement information and to clarify Plaintiffs' reliance upon an inapplicable case. As a Trial Attorney under the Court's Local Rules, the Court holds Mr. Coffman responsible for this conduct.

Plaintiffs' request for $34,140 in litigation costs is reasonable and **GRANTED**. The Court **ORDERS** that the attorney's fees and litigation costs shall be distributed as set forth in the settlement agreement and finds that Plaintiffs' counsels' hours expended and rates prosecuting Plaintiffs' claims as modified are reasonable.

It is also reasonable for the Claims Administrator to be paid $7,970 for its actual fees to administer the settlement reached.

The parties' joint motion (ECF No. 127) is **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the settlement agreement.

The Plaintiffs' Unopposed Motion for Fees (ECF No. 128) is **GRANTED** with the modifications provided herein.

    **IT IS SO ORDERED**.

                                                         s/Sarah D. Morrison
                                                         **SARAH D. MORRISON**
                                                         **UNITED STATES DISTRICT JUDGE**